## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TORI LYNN LASLEY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 23-CV-446-GKF-JFJ** |
| | ) | |
| **MICHAEL SEGAL, as Warden of** | ) | |
| **Waseca Federal Correctional Institution,** | ) | |
| **and GENTNER F. DRUMMOND, as** | ) | |
| **Attorney General of the State of** | ) | |
| **Oklahoma,**[1] | ) | |
| | ) | |
| **Respondents.** | ) | |

## <u>OPINION AND ORDER</u>

Petitioner Tori Lynn Lasley, a self-represented prisoner, brings this action pursuant to 28 U.S.C. § 2254, seeking federal habeas relief from the judgment entered against her in the District Court of Tulsa County, Case No. CF-2018-2544.  Respondents Michael Segal and Gentner F. Drummond have moved to dismiss the petition, arguing that Lasley failed to file it within the one-year statute of limitations prescribed in 28 U.S.C. § 2244(d)(1).  Having considered the petition (Dkt. 1) and Respondents' motion to dismiss (Dkt. 7) and brief in support (Dkt. 8),[2] the Court

---

[1] Respondents represent that Lasley currently is in federal custody at the Waseca Federal Correctional Institution ("FCI").  Dkt. 8, at 10 n.1.  The Court therefore substitutes Michael Segal, Warden of Waseca FCI, and Gentner F. Drummond, Oklahoma Attorney General, in the place of Steven Harpe, as party respondents.  *See* Rule 2(b), *Rules Governing Section 2254 Cases in the United States District Courts* ("If the petitioner is not yet in custody—but may be subject to future custody—under the state-court judgment being contested, the petition must name as respondents both the officer who has current custody and the attorney general of the state where the judgment was entered."); Advisory Committee Notes to Rule 2, *Rules Governing Section 2254 Cases in the United States District Courts* ("[T]hese rules contemplate that a petitioner currently in federal custody will be permitted to apply for habeas relief from a state restraint which is to go into effect in the future.").

[2] Lasley did not file a response to the motion to dismiss.

DENIES Respondents' motion.  The Court finds, however, that no additional briefing is necessary as to Lasley's claim asserted in her petition and that Lasley has not shown that federal habeas relief is warranted as to that claim.  The Court therefore DENIES the petition.

I.    Background

Lasley was convicted pursuant to a guilty plea on October 8, 2018, on one count of robbery with a dangerous weapon (Count 1), one count of assault and battery with a dangerous weapon (Count 2), four counts of possession of a credit/debit card belonging to another (Counts 6 through 9), and one count of possession of an imitation controlled substance with intent to distribute (Count 14).  Dkt. 8-3, at 1.[3]  The state district court sentenced Lasley to ten years of imprisonment on Counts 1 and 2, five years of imprisonment on Counts 6 through 9, and one year of imprisonment on Count 14, with all counts running concurrently, and the Judgment was filed on January 3, 2019. *Id.* at 1-2.  Lasley did not move to withdraw her plea within ten days of sentencing, a precondition to seeking direct review of her conviction and sentence through a certiorari appeal with the Oklahoma Court of Criminal Appeals ("OCCA").  *See Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (discussing appeal process in Oklahoma for defendants who plead guilty and noting that defendant must move to withdraw guilty plea within ten days if defendant intends to appeal).

Lasley filed an application for postconviction relief on February 3, 2021, alleging in part that the state district court "lacked jurisdiction to hear [her] case."  Dkt. 8-5, at 2.  Citing *McGirt v. Oklahoma*, 591 U.S. 894 (2020), in which the United States Supreme Court held that Congress never disestablished the Muscogee (Creek) Nation Reservation, Lasley argued that the State of

---

[3] The Court's citations refer to the CM/ECF header pagination.

Oklahoma lacked jurisdiction to prosecute her because she is an Indian[4] and the crimes of conviction took place in Indian country. *Id.* at 2-3. On May 6, 2021, the state district court issued an order granting Lasley's application, vacating her criminal judgment, and dismissing her criminal case for lack of jurisdiction. Dkt. 8-8. In August 2021, however, the OCCA determined in *State ex rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021) that *McGirt* did not apply retroactively to convictions that were final at the time *McGirt* was decided. In view of this new ruling, the State filed a motion in Lasley's previously dismissed state criminal case, asking the state district court to vacate the order granting Lasley's application for postconviction relief. Dkt. 8-10. In a written Order of Vacatur, signed February 17, 2022, the state district court granted the State's motion and vacated the court's May 6, 2021, order, but stayed the execution of the Order of Vacatur pending appeal. Dkt. 8-11.

On March 30, 2022, Lasley filed in the OCCA an Application to Assume Original Jurisdiction and Petition for Writ of Prohibition or, in the alternative, a Petition for Writ of Mandamus ("Writ Application"), challenging the validity of the Order of Vacatur. Dkt. 8-16. In that application, Lasley argued, in part, that the Order of Vacatur violated her Fourteenth Amendment right to due process because it arbitrarily deprived her of a liberty interest by vacating the final, unappealed order granting her postconviction relief. Dkt. 8-17, at 14-16. The OCCA denied Lasley's Writ Application on April 18, 2023. Dkt. 8-22. In its rejection of Lasley's due process claim, the OCCA reasoned that, "[b]ecause the initial grant of post-conviction relief in this

---

[4] Because "[t]he term 'Indian' is 'not defined in [18 U.S.C. § 1152] or in related statutes addressing criminal jurisdiction in Indian Country,'" the Tenth Circuit "ha[s] adopted a two-part evidentiary test to determine whether a person is an Indian for the purposes of federal law." *United States v. Diaz*, 679 F.3d 1183, 1187 (10th Cir. 2012) (first alteration in original) (quoting *United States v. Prentiss*, 273 F.3d 1277, 1279 (10th Cir. 2001)). Under this test, a factfinder must determine whether the person (1) has "some Indian blood" and (2) is "recognized as an Indian by a tribe or by the federal government." *Prentiss*, 273 F.3d at 1280.

matter was based upon a decision [from the OCCA] with no precedential value and which was later withdrawn," the trial court's action of vacating the order granting postconviction relief did not violate Lasley's "right to due process" because Lasley "ha[d] no legitimate liberty interest in judicial release." *Id.* at 6.

Lasley filed her federal habeas petition on September 6, 2023, alleging as her sole ground for relief that "[t]he district court's Order of Vacatur re:  the dismissal of [her] state court conviction violates [her] due process rights under the 14th Amendment."  Dkt. 1, at 5, 15. As factual support for this claim, Lasley states: "The Tulsa County District Court granted my application for PCR on 5.6.2021, pursuant to *McGirt v. Oklahoma* [and] dismissed my state conviction.  The court granted the State's motion to vacate the order granting PCR based on OCCA's decision in *Matloff v. Wallace*, thereby reinstating my state conviction." *Id.* at 5.  As the Court understands it, Lasley's petition asserts the same due process claim that she presented to the OCCA through her Writ Application—namely, that the State violated her Fourteenth Amendment right to due process by arbitrarily depriving her of a liberty interest that she obtained when the state district court's order granting postconviction relief became final.  *See* Dkt. 8-17, at 14-16; Dkt. 1, at 5-6.[5]

---

[5] In her petition, Lasley requests that the Court appoint counsel to assist her with subsequent filings. Dkt. 1, at 15.  The request is denied.  Lasley's request for counsel fails to conform to the format prescribed by this Court's local rules.  *See* LCvR7-1.  Further, as discussed herein, Lasley's petition lacks merit, and the appointment of counsel is therefore unwarranted.  *See Kingyon v. Kansas*, 564 F. App'x 397, 402 (10th Cir. 2014) (finding district court did not abuse its discretion in denying a habeas petitioner's motion for counsel "given the meritlessness of his petition").

II.   Timeliness of the Petition

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have

one year from the latest of four triggering events in which to file a federal habeas petition.  28

U.S.C. § 2244(d)(1).  These events are:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The one-year limitations period generally runs from the date the

judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate §

2244(d)(1)(B), (C), or (D).  *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

Critically though, "§ 2244(d)(1) should be applied on a claim-by-claim basis."  *Prendergast v.*

*Clements*, 699 F.3d 1182, 1187 (10th Cir. 2012); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 416

n.6 (2005) ("[Section] 2244(d)(1) provides that a '1–year period of limitation shall apply to an

*application* for a writ of habeas corpus.' (Emphasis added.) The subsection then provides one

means of calculating the limitation with regard to the 'application' as a whole, § 2244(d)(1)(A)

(date of final judgment), but three others that require claim-by-claim consideration, §

2244(d)(1)(B) (governmental interference); § 2244(d)(1)(C) (new right made retroactive); §

2244(d)(1)(D) (new factual predicate).").

Respondents contend the petition is untimely under § 2244(d)(1)(A) because Lasley's judgment became final on December 30, 2018, and the finality of the judgment "was not destroyed by its vacatur and subsequent reinstatement." Dkt. 8, at 16-17. The Court agrees that the petition is not timely under § 2244(d)(1)(A). Lasley's judgment became final on December 30, 2018, her AEDPA deadline under § 2244(d)(1)(A) expired on January 2, 2020, and the record does not support that statutory tolling or equitable tolling could render Lasley's September 2023 petition timely. The Court finds, however, that § 2244(d)(1)(D), rather than § 2244(d)(1)(A), governs the limitations period for Lasley's petition. As previously stated, § 2244(d)(1)(D) provides a one-year limitations period that begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." As Respondents acknowledge, Lasley's Fourteenth Amendment due process claim "did not exist at the time her convictions became final." Dkt. 8, at 23. Based on the evidentiary materials currently before the Court, the earliest date a reasonably diligent petitioner could have discovered the factual predicate for the due process claim was February 17, 2022, when the state district court issued its order vacating the grant of postconviction relief. Dkt. 8-11.

Respondents contend that § 2244(d)(1)(D) is "inapplicable" because "a ruling on collateral review cannot serve as a new factual predicate" for purposes of that provision. Dkt. 8, at 22-23. Respondents argue that "a habeas court has no power to consider alleged errors arising from state post-conviction proceedings, even constitutional errors." *Id.* at 23. Yet, the United States Court of Appeals for the Tenth Circuit recently rejected this same argument in *Graham v. White*, 101 F.4th 1199 (10th Cir. 2024). There, the Tenth Circuit reaffirmed that "habeas relief is unavailable when the error involves only the post-conviction procedures rather than the imposition of the conviction or sentence." *Graham*, 101 F.4th at 1205. But the Tenth Circuit also recognized that

not all alleged constitutional errors arising from state postconviction proceedings are insulated from federal habeas review.  *Id.* at 1204-05.  The petitioner in *Graham*, like Lasley, obtained postconviction relief based on *McGirt*, had her judgment reinstated based on *Wallace*, and argued in state court and through a federal habeas petition that the reinstatement of her vacated judgment violated her Fourteenth Amendment right to due process.  *Graham*, 101 F.4th at 1202-04.  In rejecting the argument that the petitioner in *Graham* alleged "only a violation of state law and misapplication of post-conviction procedures," the Tenth Circuit reasoned that the petitioner "not only labels her claim as constitutional, but also alleges that it was arbitrary for the state court to jettison the initial order (vacating the convictions)."  *Id.* at 1204-05.  The Tenth Circuit described the petitioner's complaint as one challenging "the reinstatement of her convictions through the state district court's grant of post-conviction relief to the State" and concluded that "[w]ith the convictions reinstated, [the petitioner] could seek habeas relief just like any other prisoner."  *Id.* at 1205.

It is clear from the evidentiary material before the Court that this case involves the same circumstances as those presented in *Graham* and that Lasley, like the petitioner in *Graham*, "alleges a denial of due process from the misapplication of state law," "labels her claims as constitutional," and is "complaining about the reinstatement of her convictions through the state district court's grant of post-conviction relief to the State."  *Graham*, 101 F.4th at 1204-05.  Respondents correctly argue that the State did not challenge the timeliness of the petition in *Graham*.  Dkt. 8, at 24-25.  Yet, the issue resolved against the State by the court in *Graham*, *i.e.*, that a habeas petitioner's Fourteenth Amendment due process claim challenging the reinstatement of a judgment that was initially vacated during state postconviction proceedings presents a cognizable federal habeas claim, only supports a finding that such claims warrant a new limitations

commencement date under § 2244(d)(1)(D).  This Court therefore rejects Respondents' argument that § 2244(d)(1)(D) "does not provide [Lasley] a new triggering date" for her Fourteenth Amendment due process claim based on the reinstatement of her previously vacated judgment. Dkt. 8, at 25.

The Court further finds that, with the benefit of statutory tolling, the petition is timely under § 2244(d)(1)(D).  Under that provision, the one-year limitations period began to run on February 18, 2022.  *See* Dkt. 8-11.  Because the state district court immediately stayed its ruling and Lasley promptly sought review in the OCCA through her Writ Application, the limitations period was tolled until April 18, 2023, when the OCCA denied the application.  *See* Dkt. 8-22; 28 U.S.C. § 2244(d)(2) (providing that the AEDPA limitations period is tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim").  Lasley initiated her federal habeas action roughly five months later, well within the AEDPA's one-year limitations period.  For these reasons, the Court denies Respondents' motion to dismiss the petition for untimeliness.  However, as discussed next, the Court finds that Lasley has not shown that habeas relief is warranted as to the Fourteenth Amendment due process claim and therefore denies the petition.[6]

III.   Fourteenth Amendment Due Process Claim

Lasley asserts that the state district court's Order of Vacatur violated her due process rights under the Fourteenth Amendment.  Dkt. 1, at 5.  Lasley first raised this claim in her Writ Application, arguing that the State arbitrarily deprived her of a liberty interest that she obtained when the state district court's order granting postconviction relief became final.  *See* Dkt. 8-17, at

---

[6] The Court finds that further briefing on the merits of Lasley's Fourteenth Amendment due process claim is unnecessary.  *See* 28 U.S.C. § 2243 (providing that habeas court shall "dispose of the matter as law and justice require").

15-16 (citing *Hicks v. Oklahoma*, 447 U.S. 343 (1980), and asserting that the "Order of Vacatur directly attacks the liberty interest of" Lasley and resulted in "an arbitrary deprivation by the State of a Fourteenth Amendment Right in violation of Due Process" because the State waived its right to appeal the order granting postconviction relief).

The OCCA rejected this claim, reasoning, in part, that state law provided the state district court authority to vacate its order granting postconviction relief despite the State's failure to timely appeal. The OCCA stated:

> From the outset, the District Court's grant of post-conviction relief was based on an order and judgment of this Court in *Bosse* which, at that time, was not final and which we subsequently vacated and withdrew based on *Matloff*. *See Bosse*, 2021 OK CR 23, 495 P.3d 669. "The effect of the District Court's order was to discharge an offender who was under lawful [judgment and] sentence." *Application of Anderson*, 1990 OK CR 82, ¶ 5, 803 P.2d 1160, 1163. The erroneous judicial release by the District Court of a prisoner is subject to prompt correction by the court. *See Harris v. District Court of Oklahoma County*, 1988 OK CR 26, ¶ 4, 750 P.2d 1129, 1130-31. This is so even when the unauthorized dismissal occurs in the context of an order granting post-conviction relief which is not timely appealed by the State. *See Anderson*, 1990 OK CR 82, ¶¶ 3, 5, 803 P.2d at 1162, 1163. That is particularly so here given the misdirection our original decision in *Bosse* gave to both the District Court and the parties.

Dkt. 8-22, at 4. The OCCA then noted that this "outcome is fully consistent with *McGirt*" because the *McGirt* Court recognized that "procedural bar rules and other legal doctrines" might preclude defendants from challenging final convictions. *Id.* In denying Lasley's due process claim, the OCCA stated:

> Because the initial grant of post-conviction relief in this matter was based upon a decision with no precedential value and which was later withdrawn, we also reject Petitioner's contention that her right to due process was violated by the trial court's action. *See Harris*, 1988 OK CR 26, ¶ 4, 750 P.2d at 1130-31. Under the unique circumstances this case presents, Petitioner has no legitimate liberty interest in judicial release.

*Id.* at 6.

When, as here, a state appellate court has rejected a federal claim on the merits, a petitioner

must show, as a precondition to federal habeas relief, that the state appellate court "acted unreasonably in determining the facts or in applying a Supreme Court holding." *Graham*, 101 F.4th at 1207. Even granting Lasley the benefit of liberal construction afforded to pro se litigants, she has not shown that federal habeas relief is warranted. Lasley does not attempt to show that the OCCA's decision was unreasonable either as a matter of fact or as a matter of law. In any event, the Tenth Circuit in *Graham* considered and rejected a better-developed Fourteenth Amendment due process claim involving nearly identical facts and a nearly identical decision from the OCCA rejecting that claim. *Id.* at 1205-10. As the *Graham* court reasoned:

> The resulting constitutional issue is whether the state appeals court acted arbitrarily under Oklahoma law in allowing the state district court to modify the initial order after the State's appeal time had expired. [The petitioner] suggests this application of state law was arbitrary. The [OCCA] might or might not have been right in upholding the state district court's power to reinstate the convictions. But at least some fair-minded jurists could reasonably credit the state appeals court's application of *Harris* and *Application of Anderson*. So the state appeals court had leeway to reject [the petitioner's] characterization of its approach as *arbitrary*. Given that leeway, "fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

*Id.* at 1209-10 (first three alterations added) (emphasis in original).

Just as habeas relief was not warranted in *Graham*, habeas relief is not warranted here because "at least some fair-minded jurists could reasonably credit" the OCCA's application of its own decisions to conclude that the state district court had jurisdiction to vacate the initial order granting Lasley's application for postconviction relief, vacating her 2018 judgment, and dismissing her case, despite the State's failure to timely appeal that initial order. *Id.* at 1210; *see also id.* at 1208 ("Here we're not addressing the arbitrary deprivation of a state-law right (like the one in *Hicks*); we're instead addressing whether the Constitution prevents a state court from applying its own law to modify an order after the appeal deadline expired. Neither the Supreme Court nor our court has ever applied *Hicks* in a similar situation.").

IV.    Conclusion

Based on the foregoing, the Court DENIES Respondents' motion to dismiss (Dkt. 7).  The

Court concludes that additional briefing on the Fourteenth Amendment due process claim raised

in the Petition is not necessary and that Lasley has not shown that federal habeas relief is warranted

as to that claim.  The Court therefore DENIES the petition (Dkt. 1).  Lastly, the Court concludes

that reasonable jurists would not debate the procedural or substantive rulings and that no certificate

of appealability should issue.  *Slack*, 529 U.S. at 484; 28 U.S.C. § 2253(c).  The Court therefore

DENIES a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1.  the Clerk of Court shall note on the record the substitution of Michael Segal, as Warden
    of the Waseca Federal Correctional Institution, and Gentner F. Drummond, as Attorney
    General of the State of Oklahoma, in the place of Steven Harpe, as party respondents;

2.  Lasley's request for the appointment of counsel is **denied**;

3.  Respondents' motion to dismiss (Dkt. 7) is **denied**;

4.  the petition for writ of habeas corpus (Dkt. 1) is **denied**;

5.  a certificate of appealability is **denied**; and

6.  a separate judgment shall be entered in this matter.

**DATED** this 1st day of August, 2024.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE